UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| RITA A. LIFFICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:14-CV-10 NAB |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of Rita Liffick's ("Liffick") application for supplemental security income ("SSI") under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 9.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. The Court has now heard oral argument on the pleadings of the parties and the Court now issues its ruling in this opinion. Based on the following, the Court will reverse and remand the Commissioner's decision.

**I.      Issue for Review**

Plaintiff presents several issues for review. First, she contends that the administrative law judge's ("ALJ") residual functional capacity ("RFC") determination is not supported by any evidence in the record as a whole. Second, Plaintiff contends that the ALJ's credibility determination was patently erroneous, by failing to consider her lack of access to medical

treatment. Third, Plaintiff states that the ALJ failed to conduct a proper analysis regarding her pain. Fourth, she contends that the ALJ failed to properly examine the effects of morbid obesity on her ability to perform work related functions. The Commissioner asserts that substantial evidence in the record as a whole supports the decision.

## II.     Standard of Review

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

**III.    Discussion**

   **A.    RFC Determination**

In this case, the Court finds that the ALJ's disability determination is not supported by substantial evidence in the record as a whole. RFC is a medical question. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 416.945(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

"A disability claimant has the burden to establish her RFC." *Eichelberger*, 390 F.3d at 591 (citing *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004)). However, the ALJ has an independent duty to develop the record despite the claimant's burden. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). "Some medical evidence must support the determination of the claimant's RFC." *Eichelberger*, 390 F.3d at 591 (citing *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000)) (internal quotation marks omitted). "[T]he ALJ should obtain medical evidence that addresses the claimant's 'ability to function in the workplace.'" *Id.* (quoting *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2003)).

---

[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

The ALJ found that Liffick had the severe impairments of morbid obesity, history of lower extremity edema, irritable bowel syndrome and bilateral knee meniscus tears with repair of left knee tear. (Tr. 13.) Then, the ALJ determined that based on the evidence in the record as a whole that Liffick had the RFC to perform the full range of sedentary work. (Tr. 14.) Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally." 20 C.F.R. § 416.967(a). The ALJ determined that Liffick can push and pull within lifting limitations; only frequently operate bilateral foot controls; occasionally climb ramps, stairs, ladders, ropes, and scaffolds; and occasionally bend, stoop, kneel, crouch, and crawl. (Tr. 14.)

Based on the evidence in the record as a whole, the Court finds that the ALJ's RFC finding is not supported by substantial evidence. There is no evidence in the record regarding Liffick's ability to perform work related functions on a regular and continuing basis.[2] The RFC determination in this case is highly speculative. The ALJ's decision speculates, without any medical support from the record, that *if* Liffick has the same surgery on her right knee as her left knee, she is *likely* to receive the same level of relief that she received from a prior surgery, her condition is *likely* to be "correctible," and therefore she is not currently disabled. (Tr. 16.) An ALJ cannot speculate that a future surgery will have the same results as a previous surgery and use that to determine a claimant's RFC. At the time of the decision, Liffick had not had the

---

[2] The ALJ refers to and substantially adopts a RFC determination by a single decision maker, who is not a physician and only reviewed Liffick's medical records. (Tr. 17.) Single decision makers' opinions are not acceptable medical sources entitled to the same consideration as medical consultants under the Social Security regulations. *See* 20 C.F.R. § 416.913. The Court notes that, whatever weight the ALJ gave to the RFC determination, it is not supported by substantial evidence in the record.

4

surgery on her right knee and was unable to do so, because of lack of insurance. Although Liffick's RFC may improve upon completion of her right knee surgery, it is not guaranteed.

Moreover, the ALJ has a duty to fully develop the record. *Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006) (citation omitted). In some cases, this duty requires the ALJ to obtain additional medical evidence, such as a consultative examination of the claimant, before rendering a decision. *See* 20 C.F.R. § 416.919a(b). Considering Liffick's current right knee injury, which requires surgical repair, in combination with her morbid obesity and edema, the Court finds that a consultative examination was necessary in this matter. There was not enough evidence in the record to determine Liffick's current residual functional capacity. Therefore, the Court will remand this action so that the ALJ can make a new RFC determination regarding Liffick's physical impairments consistent with this opinion.

**B.     Credibility Determination**

Next, the Court finds that the credibility determination was not supported by substantial evidence. In considering subjective complaints, the ALJ must fully consider all of the evidence presented, including the claimant's prior work record, and observations by third parties and treating examining physicians relating to such matters as:

(1) The claimant's daily activities;

(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) Any precipitating or aggravating factors;
(4) The dosage, effectiveness, and side effects of any medication; and
(5) The claimant's functional restrictions.

*Polaski v. Heckler*, 725 F.2d 1320, 1322 (8th Cir. 1984). It is not enough that the record contains inconsistencies; the ALJ is required to specifically express that he or she considered all of the

5

evidence. *Id.* "Although an ALJ may not discredit a claimant's subjective pain allegations solely because they are not fully supported by objective medical evidence, an ALJ is entitled to make a factual determination that a claimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006).

In this case, the ALJ improperly discounted Liffick's credibility. Liffick's complaints of pain and allegations regarding the functional limitations caused by her injuries are not inconsistent with the medical evidence of record. For example, the ALJ improperly discredited Liffick's need to elevate her legs due to edema. (Tr. 15-16.) The medical evidence indicates that Liffick's edema is a chronic condition that improves and worsens at various intervals. Her doctors have indicated in the medical records that she would need to elevate her legs, including as recently as September 2012, just before the ALJ's decision. (Tr. 403, 847-848.)

Further, the ALJ improperly discounted Liffick's credibility based on her failure to obtain right knee surgery. All of the evidence in record indicates that Liffick has received consistent treatment for all of her impairments for several years. Liffick was scheduled to have the right knee surgery and the surgery was canceled on the morning it was scheduled, because her Medicaid coverage had ended. (Tr. 814-815.) "Clearly, if the claimant is unable to follow a prescribed regimen of medication and therapy to combat her disabilities because of financial hardship, that hardship may be taken into consideration when determining whether to award benefits." *Murphy v. Sullivan*, 953 F.2d 383, 386 (8th Cir. 1992) (citing *Tome v. Schweiker*, 724 F.2d 711, 714 (8th Cir. 1984)). Liffick continues to receive treatment for her conditions from free medical services, but there is no evidence in the record to suggest that surgery on her right knee would be covered by free medical services. Liffick was denied the necessary medical

6

treatment on her right knee due to lack of insurance or other financial means. *Cf. Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004)(record shows claimant had access to medication and treatment, which was inconsistent with her claim that a lack of financial sources caused her non-compliance with prescribed treatment). The evidence in the record as a whole demonstrates that the ALJ's credibility determination is not supported by substantial evidence and the Court will reverse and remand for a new credibility determination.

## IV. Conclusion

Based on the foregoing, the Court finds that the Commissioner's decision is not supported by substantial evidence on the record as a whole. The Court has the power to "enter, upon the pleadings and transcript of the record, a judgment, affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). When a claimant appeals from the Commissioner's denial of benefits and the denial is improper, out of an abundant deference to the ALJ, the Court remands the case for further administrative proceedings. *Buckner v. Apfel*, 213, F.3d 1006, 1011 (8th Cir. 2000). Upon remand, the ALJ should obtain a consultative examination regarding Liffick's physical impairments and render new RFC and credibility determinations.

**IT IS HEREBY ORDERED** that the relief which Liffick seeks in her Complaint and Brief in Support of Plaintiff's Complaint is **GRANTED in part and DENIED in part**. [Docs. 1, 16.]

**IT IS FURTHER ORDERED** that the Commissioner's decision of October 24, 2012 is **REVERSED** and **REMANDED** for a consultative examination and new residual functional capacity and credibility determinations.

**IT IS FURTHER ORDERED** that a Judgment of Reversal and Remand will be filed contemporaneously with this Memorandum and Order remanding this case to the Commissioner of Social Security for further consideration pursuant to 42 U.S.C. § 405(g), sentence 4.

Dated this 6th day of November, 2014.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE